**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JULIO CASTANDEDA-RUIZ,

    Defendant - Appellant.

No. 19-3037
(D.C. No. 6:18-CR-10115-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

Julio Castandeda-Ruiz challenges the procedural and substantive

reasonableness of his sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

**I**

Castandeda-Ruiz pled guilty to one count of felony illegal reentry of a

previously removed or deported alien in violation of 8 U.S.C. § 1326(a). His

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

presentence investigation report ("PSR"), listed a total offense level of 6 and a criminal history category of I, resulting in an advisory Guidelines range of 0 to 6 months' imprisonment. The PSR also noted Castandeda-Ruiz was convicted of misdemeanor illegal reentry in 2017 and had illegally entered the United States on eight occasions between 2005 and 2016.

Neither the government nor Castandeda-Ruiz objected to the PSR. The district court accepted the PSR's calculations as correct but advised the parties it was considering an upward variance because Castandeda-Ruiz had "unlawfully entered the United States ten times." Both the government and defense counsel requested Castandeda-Ruiz, who had been in custody for seven months, be sentenced to time served. The district court considered the sentencing factors under 18 U.S.C. § 3553(a) and announced a tentative sentence of 18 months' imprisonment as follows:

> [The] Court's required pursuant to [§] 3553(a) to impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing identified in that statute. . . . [T]he Court has considered the . . . Guidelines which promote uniformity in sentencing and assists the Court in determining an appropriate sentence by weighing the basic nature of the offense, as well as aggravating and mitigating factors.
>
> . . . .
>
> [The] Court . . . notes that this defendant has at least ten separate occurrences of being removed from the United States, counting this offense, within the last 13 years. It is this Court's opinion that the defendant has failed to understand the severity of his conduct as demonstrated by his continual disregard of the laws of the United States applicable to entering into this country.
>
> In enumerating a little more precisely the sentencing factors under [§] 3553, I find that the defendant's criminal history does not reflect the

2

presence of these other unlawful entries. As I say, based on the [PSR], this is the tenth time he's come back into the United States unlawfully. It happens over and over, and so I am taking that into account.

I also want to reflect the seriousness of the offense, promote respect for the law, provide just punishment, because I expect these laws to be followed. . . . [Also,] I think I need a sentence that is going to afford adequate future deterrence, and thus far, this defendant's experience with our criminal justice system and immigration system has failed to provide sufficient deterrence.

And I'm also not unaware of the need to avoid unwanted sentencing disparities. I know that . . . two of the other individuals who were arrested at the same time as this defendant . . . received a time served sentence which is what is being requested here, but these individuals . . . had one prior unlawful reentry as compared to ten with this defendant.

And so to apply a time served sentence with this person's history of violating these types of laws seems to me to be unjust and so after considering all these factors, the advisory sentencing guidelines, the nature and circumstances of the offense, the defendant's history and characteristics, the Court intends to vary from the applicable guideline range and sentence the defendant to a term of 18 months imprisonment. . . .

. . . .

The Court believes that such a sentence is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Further, the sentence should afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

In response to the district court's explanation for the proposed variance, Castandeda-Ruiz's counsel argued his client did not have a history of violence or drug trafficking and only came to this country to work to help support his family. He also maintained that the taxpayers would save money if he were given a time-served sentence. Nonetheless, counsel said he "underst[ood] the Court's reasoning behind [the] . . . sentence." The court imposed the 18-month sentence. Castandeda-Ruiz timely appealed.

3

## II

"On appeal, we review sentences for 'reasonableness,' which has both procedural and substantive dimensions." United States v. Martinez-Barragan, 545 F.3d 894, 898 (10th Cir. 2008). "That is, we consider both the length of the sentence, as well as the method by which the sentence was calculated." Id. (quotation omitted).

## A

As to procedural reasonableness, a defendant must "contemporaneously object in the district court to the method by which the district court arrived at a sentence, including arguments that the sentencing court failed to explain adequately the sentence imposed, if he or she hopes to avoid plain error review on appeal of any alleged procedural flaw." United States v. Wireman, 849 F.3d 956, 961 (10th Cir. 2017) (quotation omitted). "We will find plain error only when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 962 (quotation omitted). The defendant bears the burden to establish all four factors. See United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004).

After the district court announced the tentative 18-month sentence and the reasons for it, the court asked the parties if they objected. Castandeda-Ruiz responded with substantive arguments regarding his sentence but did not object to the adequacy of the court's explanation of the sentence. Accordingly, our review is for plain error. See Wireman, 849 F.3d at 961.

4

Castandeda-Ruiz maintains the district court failed to adequately explain its substantial variance and failed to consider his material, non-frivolous arguments. "To satisfy the third prong of plain-error review, a defendant generally must demonstrate that an error was prejudicial, meaning that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." United States v. Bustamante-Conchas, 850 F.3d 1130, 1138 (10th Cir. 2017) (en banc) (quotation omitted). "[A] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quotation omitted). We conclude Castandeda-Ruiz has not shown a reasonable probability that his arguments would have caused the district court to impose a lesser sentence. The court was required to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," Gall v. United States, 552 U.S. 38, 50 (2007), and did so when it gave a lengthy and detailed explanation of its justification for the sentence.

**B**

"[W]e review the length of [a] sentence for an abuse of discretion." Martinez-Barragan, 545 F.3d at 905 (quotation omitted). "Under a deferential abuse-of-discretion standard, we deem a sentence unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Gantt, 679 F.3d 1240, 1249 (10th Cir. 2012) (quotation omitted).

Castandeda-Ruiz argues that his eighteen-month sentence is substantively unreasonable because the district court: (1) gave too much weight to his criminal

5

history; (2) failed to adequately weigh his characteristics; (3) placed improper weight on each of his past removals despite their differences; and (4) did not provide a supportable rationale for a major variant sentence that placed him well outside national sentencing norms. We disagree.

Even if a district court settles on a sentence that varies from the recommended Guidelines sentence, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008) (quotation omitted). "Although a major departure should be supported by a more significant justification than a minor one, we no longer require that extraordinary circumstances justify a sentence outside the Guidelines range. . . ." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008) (citation and quotation omitted). And under 18 U.S.C. § 3553(a)(6), a sentencing court need only consider "unwarranted sentence disparities." Id. (emphasis added).

We disagree with Castandeda-Ruiz that the upward variance was an abuse of discretion. To the contrary, the court noted, among other things, this was the tenth time Castandeda-Ruiz had entered the United States illegally. Although he disagrees with the manner in which the court weighed the § 3553(a) sentencing factors, this does not mean the sentence is substantively unreasonable. "[I]t is not the job of an appellate court to review de novo the balance struck by a district court among the factors set out in § 3553(a)." United States v. Sells, 541 F.3d 1227, 1239 (10th Cir. 2008). Rather, "as long as the balance struck by the district court among the factors

6

set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." Id.

### III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge